JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Michael Smolko

**DEFENDANTS**
Unimark Lowboy Transportation, LLC; and Ted Pritchett

**(b)** County of Residence of First Listed Plaintiff: Clearfield County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Kenosha County, WI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Alvin F. de Levie, Esq.
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106  (215) 351-1100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☒ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PERSONAL INJURY**
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
**Other:**
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332

Brief description of cause:
Plaintiff was involved in a motor vehicle accident with the Defendants' vehicle.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 10/04/2017

SIGNATURE OF ATTORNEY OF RECORD: /s/ Alvin F. de Levie

**FOR OFFICE USE ONLY**

RECEIPT #  AMOUNT  APPLYING IFP  JUDGE  MAG. JUDGE

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL SMOLKO<br>207 Sarah Street<br>Osceola Mills, PA 16666<br><br>    Plaintiff,<br><br>    v.<br><br>UNIMARK LOWBOY<br>TRANSPORTATION, LLC<br>1081 Corporate Drive<br>Pleasant Prairie, WI 53158<br><br>    and<br><br>TED PRITCHETT<br>292 E. Miriam Street<br>Alexandria, IN 46001<br><br>    Defendants. | CIVIL ACTION<br><br><br>No. 17-_____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

**PARTIES**

1.  Plaintiff Michael Smolko is an individual citizen and resident of the Commonwealth of Pennsylvania residing at the address set forth in the caption above.

2.  Defendant Unimark Lowboy Transportation, LLC is a business entity maintaining a place of business at the address set forth in the caption above and, at all times material hereto, acted by and through its agent, servant, representative and/or employee, Defendant Ted Pritchett, who at all times material hereto was acting in the course and scope of his agency and/or employment.

3.  Defendant Ted Pritchett is an individual residing at the address set forth in the caption above and who, at all times material hereto, was the agent, servant, representative and/or

employee of Defendant Unimark Lowboy Transportation, LLC and who, at all times material hereto, was acting within the course and scope of his agency and/or employment.

4. Defendant Unimark Lowboy Transportation, LLC's website states Defendant "serves all of North America," which obviously includes the Commonwealth of Pennsylvania. Attached hereto, made a part hereof and marked as Exhibit "A" is a "screenshot" of the "About Page" of Defendant Unimark Lowboy Transportation, LLC's website.

5. Defendant Unimark Lowboy Transportation has in the past and continues to regularly, routinely, and consistently conduct business in the Commonwealth of Pennsylvania.

6. Defendant Unimark Lowboy Transportation has in the past and continues to regularly, routinely, and consistently operate vehicles on the roads and highways of the Commonwealth of Pennsylvania.

7. Based upon Defendant Unimark Lowboy Transportation's International Fuel Tax Agreement ("IFTA") Tax Returns, and therefore upon information and belief, in 2016, the year in which the incident described herein occurred, vehicles owned and operated by Defendant Unimark Lowboy Transportation traveled approximately 1,077,659 miles on the roads and highways of the Commonwealth of Pennsylvania.   Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, Defendant Unimark Lowboy Transportation traveled more miles in 2016 in the Commonwealth of Pennsylvania than in any of the other 50 states in which it operates except Ohio.  Attached hereto, made a part hereof and collectively marked as Exhibit "B" are copies of Defendant Unimark Lowboy Transportation's IFTA Tax Returns filed from 2014 to the second quarter of 2017, which Tax Returns were provided by the Wisconsin Department of Transportation.

8. Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, in 2016, the year in which the incident described herein occurred, Defendant Unimark Lowboy Transportation purchased approximately 173,335 gallons of fuel in the Commonwealth of Pennsylvania. Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, Defendant Unimark Lowboy purchased more fuel in 2016 in the Commonwealth of Pennsylvania than in any of the other 50 states in which it operates except Ohio. See, Exhibit "B."

9. Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, in 2016, the year in which the incident which is the subject of this Complaint occurred, Defendant Unimark Lowboy Transportation paid approximately $42,240.64 in taxes to the Commonwealth of Pennsylvania pursuant to the IFTA. Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, Defendant Unimark Lowboy Transportation paid more IFTA taxes to the Commonwealth of Pennsylvania than in any of the other 50 states in which it operates. See, Exhibit "B."

10. Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, between January, 2014 and June, 2017, Defendant Unimark Lowboy Transportation traveled approximately 3,191,858 miles on the roads and highways of the Commonwealth of Pennsylvania. Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, Defendant Unimark Lowboy Transportation traveled more miles during this time period in the Commonwealth of Pennsylvania than in any of the other 50 states in which it operates except Ohio. See, Exhibit "B."

11. Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, between January, 2014 and June, 2017, Defendant Unimark Lowboy Transportation purchased approximately 535,252 gallons of fuel in the Commonwealth of Pennsylvania. Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, Defendant Unimark Lowboy Transportation purchased more fuel during this time period in the Commonwealth of Pennsylvania than in any of the other 50 states in which it operates except Ohio. See, Exhibit "B."

12. Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, between January, 2014 and June, 2017, Defendant Unimark Lowboy Transportation paid approximately $124,485.20 in taxes to the Commonwealth of Pennsylvania pursuant to the International Fuel Tax Agreement ("IFTA"). Based upon Defendant Unimark Lowboy Transportation's IFTA Tax Returns, and therefore upon information and belief, Defendant Unimark Lowboy Transportation paid more IFTA taxes to the Commonwealth of Pennsylvania than in any of the other 50 states in which it operates. See, Exhibit "B."

13. Upon information and belief, and the information contained in Paragraphs 7-12 of Plaintiffs Complaint, Defendant Unimark Lowboy Transportation has paid significant apportioned registration fees to the Commonwealth of Pennsylvania to register their vehicles therein and drove consistently and continuously on roads and highways of the Commonwealth of Pennsylvania.

14. According to the U.S. Department of Transportation's Safety Management System, Defendant Unimark Lowboy Transportation, LLC has incurred the following inspection violations while operating in the Commonwealth of Pennsylvania:

   a. April 24, 2017:     Unspecified violation.

   b. August 24, 2016:    Two vehicle maintenance violations.

   c. March 16, 2016:     Unspecified violation.

   d. March 16, 2016:     Unsafe driving violation.

Attached hereto, made a part hereof and marked as Exhibit "C" is a copy of Defendant Unimark Lowboy Transportation, LLC's Safety Measurement System Profile from the U.S. Department of Transportation.

## JURISDICTION

15. Plaintiff brings this Complaint under federal diversity jurisdiction, 28 U.S.C. 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.00.

16. Venue is proper in this district pursuant to 28 U.S.C., S 1391(b)(3) in that the Defendants are subject to the personal jurisdiction of the Commonwealth of Pennsylvania.

## FACTS

17. On or about July 30, 2016, at approximately 6:40 a.m., Plaintiff Michael Smolko was the operator of a motor vehicle when said motor vehicle was involved in an accident with a truck/tractor trailer negligently and carelessly operated by Defendant Ted Pritchett and owned by Defendant Unimark Lowboy Transportation, LLC. In said vehicle with Plaintiff was passenger

Michael Smolko, Jr., a citizen and resident of the Commonwealth of Pennsylvania residing in the Borough of Osceola Mills and the County of Clearfield.

18. The aforesaid accident occurred in the vicinity I-95 near mile marker 108 in the County of Caroline in the Commonwealth of Virginia when the truck/tractor trailer operated by Defendant Ted Pritchett negligently and carelessly struck Plaintiff's vehicle.

19. The accident was witnessed by Michael Smolko, Jr., Darlene Smolko and Taylor Walker, who are all citizens and residents of the Commonwealth of Pennsylvania and residing in the County of Clearfield.

20. Plaintiff, all witnesses identified in Paragraph 19 above, and all medical providers individually named and those who practice and gave care to Plaintiff at the enumerated medical facilities, as set forth in Paragraph 27 below, either reside or practice within the Middle District of Pennsylvania.

21. At all times material, Defendants were the agents, servants, representatives and/or employees of each other and were acting in the course and/or scope of their agency and/or employment.

22. At all times material, Plaintiff is deemed to have the full tort option as defined by the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law.

23. The accident aforesaid was caused solely as a result of the negligence, and carelessness of the Defendants and was not in any way whatsoever due to the action or inaction of Plaintiff.

24. As a result of aforesaid, Plaintiff Michael Smolko sustained multiple injuries, including but not limited to, a paracentral disc herniation with moderate to server bilateral foraminal stenosis at L4-L5, a left paracentral disc herniation with mild-to-moderate bilateral

foraminal stenosis at L2-L3, L5-S1 foraminal stenosis requiring surgery, L4-L5 and L5-S1 facet arthrosis requiring surgery, low back pain, and headaches, some or all of which may be permanent in nature.

25. As a result of the aforesaid, Plaintiff Michael Smolko has undergone great physical pain and will continue to endure the same to his great detriment and loss.

26. As a result of the aforesaid, Plaintiff Michael Smolko has been obliged to expend and incur large sums of money for medical attention and various purposes in an attempt to effect a cure for the aforesaid injuries, and Plaintiff may be compelled to expend and/or incur additional sums for such medical attention.

27. To effect a cure for the aforesaid injuries, Plaintiff Michael Smolko received treatment in the Commonwealth of Pennsylvania from several medical providers, including:

    a. JC Blair Memorial Hospital's Radiology Department in the Borough and County of Huntingdon, Commonwealth of Pennsylvania

    b. Mount Nittany Medical Center in the Borough of State College and the County of Centre, Commonwealth of Pennsylvania;

    c. University Orthopedics Center in the Borough of State College and the County of Centre, Commonwealth of Pennsylvania.

    d. Dr. Joel A. Toretti in the Borough of State College and the County of Centre, Commonwealth of Pennsylvania; and

    e. Dr. Paul D. Lamb in the Borough of State College and the County of Centre, Commonwealth of Pennsylvania.

28.     As a result of the aforesaid, Plaintiff Michael Smolko was unable to attend to his daily duties and occupation, thereby suffering a loss of earnings and/or impairment of earning capacity, which Plaintiff may continue to suffer for an indefinite time in the future.

29.     As a result of the aforesaid, Plaintiff Michael Smolko has or may suffer severe loss because of expenses which have been or may be reasonably incurred in obtaining ordinary and necessary services in lieu of those which Plaintiff would have performed, not for income but for the benefit of himself.

30.     All statutory requirements for the filing of this action have been fulfilled.

31.     All the averments set forth above are incorporated by reference within each of the following counts as though set forth therein at length.

## COUNT I
## MICHAEL SMOLKO v. TED PRITCHETT

32.     The negligence and carelessness of Defendant Ted Pritchett consisted of the following:

a)     Failing to have said truck/tractor trailer under adequate and proper control;

b)     Operating said truck/tractor trailer at a high and excessive rate of speed under the circumstances;

c)     Failing to use due caution in driving said truck/tractor trailer upon the highway;

d)     Failing to take due note of the point and position of Plaintiff's motor vehicle upon the highway;

e)     Failing to maintain an assured clear distance with Plaintiff's motor vehicle;

f)     Failing to stop said truck/tractor trailer;

## COUNT II
## MICHAEL SMOLKO v. UNIMARK LOWBOY TRANSPORTATION, LLC

33.     Defendant Unimark Lowboy Transportation, LLC is legally and vicariously responsible for the actions, inactions, negligence and carelessness of Defendant Ted Pritchett as set forth herein and for the losses and damages as identified herein.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, each in an amount in excess of Seventy-five Thousand ($75,000.00) Dollars upon each of the counts set forth herein.

Date: October 4, 2017

*/s/ Alvin F. de Levie*
Alvin F. de Levie, Esq.
I.D. No. 23245
afdesq@alvindelevie.com
The Curtis Center
601 Walnut Street, Suite 720 East
Philadelphia, PA 19106
(215) 351-1100
(215) 351-0257 (fax)

**Counsel for Plaintiff, Michael Smolko**