# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL SMOLKO,** | : | Civil Action No. 1:17-CV-1802 |
| | : | |
| **Plaintiff,** | : | (Chief Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **UNIMARK LOWBOY TRANS., LLC., et al.,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM OPINION

### I. Introduction

In this diversity lawsuit we are asked to address the question of whether the plaintiff is entitled to compel the presence of a third-party observer in a physical examination conducted pursuant to Rule 35 of the Federal Rules of Civil Procedure. In accordance with the greater weight of authority which has considered this question, we conclude that the plaintiff has not made the requisite showing that would entitle the plaintiff to insist upon the presence of a third-party observer in this physical examination. Therefore, for the reasons set forth below, we will decline the invitation to direct the presence of a third party at this physical examination.

### II. Statement of Facts and of The Case

The pertinent facts in this case can be simply stated: This is a diversity jurisdiction personal injury lawsuit which arose out of what is alleged to have been a

July 30, 2016 automobile accident between the plaintiff's vehicle and a tractor trailer owned and operated by the defendants. (Doc.1.) This case is now proceeding to discovery, with a physical examination of Smolko scheduled by the defendants. According to the parties, the orthopedist conducting this examination, Dr. Charles Harvey, has a policy of not permitting third-party observers to attend such examinations. Plaintiff's counsel, therefore, seeks intervention by the court in the form of an order authorizing a nurse observer retained by the plaintiff to attend and passively observe this orthopedic examination. The Defendants object to the compelled presence of a third party observer at this examination, arguing that case law construing Rule 35 of the Federal Rules of Civil Procedure, which governs examinations of this type, disfavors this practice.

The parties have skillfully and deftly presented this issue to the court in a telephonic oral argument conducted on May 24, 2018. Mindful of the fact that this examination is scheduled for June, 2018, for the reasons set forth below, we will deny this request for a third-party observer at this medical examination.

### III. Discussion

Rule 35 (a) of the Federal Rules of Civil Procedure governs medical examinations of parties in federal civil litigation, and provides in pertinent part as follows:

> **(a) Order for an Examination.**
>
> **(1)** *In General.* The court where the action is pending may order a party whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.
>
> **(2)** *Motion and Notice; Contents of the Order.* The order: **(A)** may be made only on motion for good cause and on notice to all parties and the person to be examined; and **(B)** must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

Fed. R. Civ. P. 35(a).

By specifying that the court may determine "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it," Fed. R. Civ. P. 35(a)(2)(B), Rule 35 consigns the procedures to be used in conducting these examinations to the sound discretion of the court, an approach that is consistent with the general guidance of the rules which provide that issues relating to the scope of discovery rest in the sound discretion of the Court. <u>Wisniewski v. Johns-Manville Corp.</u>, 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery, therefore, will be disturbed only upon a showing of an abuse of discretion. <u>Marroquin-Manriquez v. I.N.S.</u>, 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad

discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v. BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999) (holding that discovery rulings are reviewed under abuse of discretion standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's resolution of discovery disputes deserves substantial deference and should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

In this case we are asked to exercise our discretion and permit a third-party medical observer retained by the plaintiff to attend the examination. In considering this issue, we note that Rule 35 does not, by its terms, specify who may attend a medical examination undertaken in connection with civil litigation. While the rule is silent on this issue, the courts have spoken, albeit with several different voices.

The majority rule adopted by the federal courts is that the court may, and often should, exclude third-party observers, including counsel, from medical or psychiatric evaluations. See, e.g., Calderon v. Reederei-Claus-Peter Offen GmbH & Co., 258 F.R.D. 523, 526-7(S.D. Fla. 2009)("the majority of federal courts have held

4

that third parties should be excluded absent special circumstances. See, e.g., Hertenstein v. Kimberly Home Health Care, Inc., 189 F.R.D. 620, 628-34 (D.Kan.1999); McKitis v. Defazio, 187 F.R.D. 225, 228 (D.Md.1999); Ali v. Wang Laboratories, Inc., 162 F.R.D. 165, 168 (M.D.Fla.1995); Tomlin v. Holecek, 150 F.R.D. 628, 631 (D.Minn.1993); Wheat v. Biesecker, 125 F.R.D. 479, 480 (N.D.Ind.1989); Brandenberg v. El Al Israel Airlines, 79 F.R.D. 543, 546 (S.D.N.Y.1978).") In reaching this conclusion, most courts agree that:

> [T]he need for effective . . . examinations militates against allowing an observer who could potentially distract the examining [expert] and examine thereby compromising the results of the examination. Moreover, the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry. See Jacob v. Chaplin, 625 N.E.2d 486, 492 (Ind.App.1993). Additionally, it is recognized that . . . examinations necessitate an unimpeded, one-on-one exchange between the doctor and the patient. Tomlin v. Holecek et al., 150 F.R.D. 628, 632 (D.Minn.1993); Cline v. Firestone, 118 F.R.D. 588, 589 (S.D.W.Va.1988); Brandenberg v. El Al Israel Airlines, 79 F.R.D. 543, 544 (S.D.N.Y.1978); Swift v. Swift, 64 F.R.D. 440, 443 (E.D.N.Y.1974). The Court finds that the presence of an observer would lend a degree of artificiality to the examination that would be inconsistent with the applicable professional standard.

Shirsat v. Mutual Pharmaceutical Co., Inc., 169 F.R.D. 68, 71 (E.D.Pa.1996).

Thus, in this regard "'the party seeking the attendance of a third party at the examination bears the burden of showing "good cause" for such attendance pursuant to Rule 26(c).' Reyes v. City of New York, No. 00 Civ. 2300(SHS), 2000 WL 1528239, at *3 (S.D.N.Y. Oct.16, 2000) [and], 'most courts start with a presumption

against the presence of third persons, and then go on to consider whether special circumstances have been demonstrated in a particularly case.' " Favale v. Roman Catholic Diocese of Bridgeport, 235 F.R.D. 553, 556 (D.Conn.2006). Thus, as a threshold matter, we find that the plaintiff as the person seeking to introduce an observer into this process, bears the burden of proving good cause. Tarte v. United States, 249 F.R.D. 856, 859 (S.D. Fla. 2008).

In the past, we have, in fact, followed this line of authority when denying requests for third-party observers at psychiatric examinations. See M.S. v. Cedar Bridge Acad., No. 1:08-CV-2271, 2011 WL 1838885, at *1 (M.D. Pa. May 13, 2011). Acknowledging this legal authority, Smolko nonetheless argues that he should be permitted to have a nurse observer present for this orthopedic examination. On this score Smolko contends, first, that the case law forbidding third-party observers in examinations typically arise in the context of psychiatric examinations where the dangers of outside influences on the examination process are greater. Smolko therefore invites us to refrain from extending our holding in M.S., which dealt with psychiatric evaluations, to physical examinations. Smolko also asserts that he has shown good cause to conduct this examination in the presence of a third-party observer since Smolko anticipates that there may be a credibility contest at trial between the plaintiff and this physician. The plaintiff

alleges that the presence of a third-party observer would assist in addressing these witness credibility concerns at trial and constitutes good cause justifying the presence of the third party observer. Finally, the plaintiff urges us to follow a path embraced by some federal courts and Pennsylvania Rule of Civil Procedure 4010, and permit a party-representative to attend a medical examination when the examination entails a physical, rather than psychological, assessment of a party. See Gensbauer v. May Department Stores, 184 F.R.D. 552 (E.D. Pa. 1999).

We will decline this invitation and instead follow the majority view which does not permit third-party observers in this examination setting.

In reaching this result, we acknowledge that many of the cases interpreting Rule 35 arise in the context of a psychiatric examination. However, it is equally true that numerous cases have extended this principle, barring third party observers from medical examinations, to physical examinations as well. See e.g., Rogers v. Averitt Express, Inc., No. CV 15-706-JWD-RLB, 2016 WL 4499089, at *2 (M.D. La. Aug. 26, 2016); McKisset v. Brentwood BWI One LLC, No. WDQ-14-1159, 2015 WL 8041386, at *3 (D. Md. Dec. 4, 2015); Calderon v. Reederei Claus-Peter Offen GmbH & Co., 258 F.R.D. 523, 524 (S.D. Fla. 2009); Tarte v. United States, 249 F.R.D. 856, 859 (S.D. Fla. 2008); Holland v. United States, 182 F.R.D. 493, 495 (D.S.C. 1998); Romano v. II Morrow, Inc., 173 F.R.D. 271, 272 (D. Or. 1997).Thus,

the distinction between physical and psychiatric examinations urged by the plaintiff has not been embraced by the courts. Moreover, the rationale behind the general policy disfavoring third-party observers at these examinations, the concern that the presence of the observer "interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry," and "would lend a degree of artificiality to the examination that would be inconsistent with the applicable professional standard", see Shirsat v. Mutual Pharmaceutical Co., Inc., 169 F.R.D. 68, 71 (E.D.Pa.1996), seems equally applicable to both physical and psychiatric examinations since both examinations involve an effort to find objective evidence relating to subjective symptoms, and the presence of on-lookers at an examination may distract from this exercise in either case.

    We further conclude that the concerns voiced by the plaintiff that the absence of a third-party observer creates an unfair imbalance between the plaintiff and any examining physician a trial are insufficient to meet the good cause standard prescribed by cases construing Rule 35. At the outset, this argument assumes too much in our view since, taken to its logical extreme, this argument would compel a third-party observer's presence at *all* physical and mental examinations, something the rules plainly do not contemplate. Moreover, to the extent that these concerns exist there are other, less drastic means of addressing them. In this regard:

> [C]ourts have noted that Rule 35 and the adversary process provide other safeguards for plaintiffs who submit to Rule 35 examinations. Plaintiffs receive a Rule 35 examination report and then have the opportunity to depose the physician, cross-examine him or her, and introduce contrary expert evidence. See Barrett v. Great Hawaiian Cruises, Inc., 1997 WL 862762 (D.Ha.1997). Additionally, should the physicians improperly inquire, plaintiffs have the opportunity to seek to exclude such questioning from trial. See Cline v. Firestone Tire & Rubber Co., 118 F.R.D. 588 (S.D.W.Va.1988)."

Tarte v. United States, 249 F.R.D. 856, 859 (S.D. Fla. 2008). Given the availability of these other tools to ensure a level litigation playing field, we believe that introduction of third-party observers into physical exams is unnecessary.

Finally, while the plaintiff has urged us to follow Gensbauer v. May Department Stores, 184 F.R.D. 552 (E.D. Pa. 1999) and the Pennsylvania procedural practice which allows third-party observers at medical examinations, arguing that the Pennsylvania practice rule is persuasive authority this Pennsylvania rule is not a substantive state legal standard which we are obliged to adopt under Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) when we exercise our diversity jurisdiction. In this regard we note that: "Erie involved the constitutional power of federal courts to supplant state law with judge-made rules. In that context, it made no difference whether the rule was technically one of substance or procedure; the touchstone was whether it 'significantly affect[s] the result of a litigation.' Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)." Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co., 130 S.Ct. 1431, 1442 (2010).

9

Judged against this benchmark, Pennsylvania's Rule 4010, which permits counsel to attend physical and mental examinations, is not an outcome-determinative rule of substance which binds this court. Rather, it is simply a procedural preference expressed by the state courts which does not control our exercise of discretion under Rule 35 of the Federal Rules of Civil Procedure. Moreover, it is a procedural preference which this court has declined to follow on a number of occasions in favor of the prevailing federal practice under Rule 35 of excluding third party observers. See e.g., King v. Mansfield Univ. of Pennsylvania, No. 1:11-CV-1112, 2014 WL 563323, at *3 n. 1 (M.D. Pa. Feb. 11, 2014); M.S. v. Cedar Bridge Acad., No. 1:08-CV-2271, 2011 WL 1838885, at *4 (M.D. Pa. May 13, 2011).

With this understanding, notwithstanding the skill and vigor of the plaintiff's advocacy, we decline to follow the path proposed by the plaintiff and the Pennsylvania rule. Instead, we adhere to the majority view expressed by the federal courts interpreting Rule 35 of the Federal Rules of Civil Procedure, which recognizes the "need for effective . . . examinations militates against allowing an observer who could potentially distract the examining [expert] and examinee thereby compromising the results of the examination,[and] the presence of the observer interjects an adversarial, partisan atmosphere into what should be otherwise a wholly objective inquiry" Shirsat v. Mutual Pharmaceutical Co., Inc.,

169 F.R.D. 68, 71 (E.D.Pa.1996). Therefore, in the exercise of our discretion we will decline the plaintiff's invitation to order that this physical examination be conducted in the presence of a third-party observer.

## IV. Conclusion

For the foregoing reasons, IT IS ORDERED that plaintiff's third-party observer may not attend the orthopedic examination of the plaintiff scheduled by Dr. Harvey.

So ordered this 30th day of May, 2018.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge